# ATTACHMENT 1
# (Public)

**Attachment 1**

In the following generic delay antitrust cases premised on Hatch-Waxman litigation recognize the sham litigation exception to Noerr-Pennington immunity and denied motions to dismiss:

1. *Azurity Pharms., Inc. v. Bionpharma, Inc.*, 650 F.Supp.3d 269, 279–282 (D. Del. 2023) (denying motion to dismiss counterclaim based on sham litigation because generic manufacturer plausibly alleged brand manufacturer filed seven lawsuits to interfere with competition through means other than eventual success on the merits and whether that was the "actual motivation remains an issue for factual development");

2. *In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, 333 F. Supp. 3d 135, 154–155 (E.D.N.Y. 2018); *In re Lipitor Antitrust Litig.*, 868 F.3d 231, 273 (3d Cir. 2017) (reversing district court's finding defendant was entitled to *Noerr-Pennington* immunity on motion to dismiss because district court's conclusion was "incorrect given the pleading standard" and an "evaluation of scientific merit" of defendants' argument was "unsuitable for resolution on a motion to dismiss");

3. *In re Loestrin 24 Fe Antitrust Litig.*, 261 F.Supp.3d 307, 348–349 (D.R.I. 2017) (finding plaintiffs plausibly stated claim for sham litigation);

4. *In re Thalomid & Revlimid Antitrust Litig.*, No. 14-6997, 2015 WL 9589217, at *13 (D.N.J. Oct. 29, 2015) (denying the defendant's motion to dismiss the end payors' claims because "[a]t this stage of the litigation, the Court is reluctant to dismiss claims of sham litigation when plaintiffs' theory is clearly enunciated in the complaints and the facts in support connect the litigation to delay to the injury complained of");

5. *In re Suboxone Antitrust Litig.*, 64 F.Supp.3d 665, 688–690 (E.D. Pa. 2014) (denying motion to dismiss and finding plaintiffs adequately pleaded citizen petition was sham);

6. *In re Effexor XR Antitrust Litig.*, No. 11-5479 (PGS)(LHG), 2014 WL 4988410, at *24 (D.N.J. Oct. 6, 2014) (denying motion to dismiss as to the direct purchasers' *Walker Process* theory and, inferentially, their sham litigation allegations);

7. *In re Skelaxin (Metaxalone) Antitrust Litig.*, No. 1:12-md-2343, 2013 WL 2181185, at *18–20 (E.D. Tenn. May 20, 2013) (denying defendant's motion to dismiss plaintiffs' sham litigation claims and finding plaintiffs plausibly alleged facts to demonstrate defendants' "petitions viewed in the aggregate were objectively baseless and filed subjectively in bad faith");

8. *In re Prograf Antitrust Litig.*, No. 1:11-md-2242-RWZ, 2012 WL 293850 (D. Mass. Feb. 1, 2012) (denying motion to dismiss plaintiffs' sham litigation claims);

9. *In re Wellbutrin SR Antitrust Litig.*, 749 F. Supp. 2d 260, 263–267 (E.D. Pa. 2010) (denying dismissal of sham litigation allegations, even though manufacturer prevailed on one of its patent infringement claims);

10. *Rochester Drug, Coop., Inc. v. Braintree Labs.*, 712 F. Supp. 2d 308, 319–320 (D. Del. 2010) (denying motion to dismiss sham allegations);

11. *In re Androgel Antitrust Litig. (No. II),* 687 F. Supp. 2d 1371, 1380 (N.D. Ga. 2010) (denying the defendants' motion to dismiss because the direct purchasers "alleged facts that may support a sham litigation theory of recovery");

12. *In re Neurontin Antitrust Litig.*, MDL No. 1479, 2009 WL 2751029, at *21–22 & n.46 (D.N.J. 2009) (characterizing direct purchaser plaintiffs' claims as "sham petitioning" and denying motion to dismiss because factual allegations, if proven would be "sufficient to warrant an exception to *Noerr-Pennington* immunity under this theory");

13. *Abbott Labs. v. Teva Pharms. USA, Inc.*, 432 F. Supp. 2d 408, 424–425 (D. Del. 2006) (denying the defendants' motion to dismiss direct and indirect purchasers' sham litigation claims);

14. *In re Wellbutrin SR Antitrust Litig.*, No. 04-cv-5525, 2006 WL 616292, at *9–10 (E.D. Pa. Mar. 9, 2006) (denying motion to dismiss the end payors' sham litigation allegations);

15. *SmithKline Beecham Corp. v. Apotex Corp.*, 383 F. Supp. 2d 686, 694 (E.D. Pa. 2004) (denying motion to dismiss sham litigation allegations, despite settlement of the underlying patent infringement case without any ruling on validity or infringement);

16. *In re Cardizem CD Antitrust Litig.*, 105 F. Supp. 2d 618, 644 (E.D. Mich. 2000) (denying motion to dismiss the end payors' sham litigation allegations), *aff'd,* 332 F.3d 896 (6th Cir. 2003);

17. *Warner Lambert Co. v. Purepac Pharm. Co.*, No. 98-cv-2749, 2000 WL 34213890, at *5 (D.N.J. Dec. 22, 2000) (denying motion to dismiss because generic alleged the brand's patent infringement claim was a sham to disguise the anti-competitive goal of preventing the generic of receiving FDA approval of its ANDA).