**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY D/B/A BLUE CROSS AND BLUE SHIELD OF LOUISIANA, HMO LOUISIANA, INC., and DAVID MITCHELL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>    -vs.-<br><br>CELGENE CORPORATION, BRISTOL MYERS SQUIBB COMPANY, ANTHONY INSOGNA, and JEROME ZELDIS,<br><br>    Defendants. | Civil Case No. 1:23-cv-07871<br><br>Judge Edgardo Ramos |

**REPLY IN SUPPORT OF DEFENDANT**
**DR. JEROME ZELDIS' MOTION TO DISMISS**
**PLAINTIFFS' FIRST AMENDED COMPLAINT**

Plaintiffs' Opposition concedes or fails to address a number of points concerning Dr. Zeldis. First, Plaintiffs concede that mere ownership of property in New York is an insufficient basis for personal jurisdiction. Second, Plaintiffs do not even attempt to justify the assertion of personal jurisdiction over Dr. Zeldis on the current record and instead seek leave to conduct jurisdictional discovery in the hope they might find facts that support jurisdiction. Third, Plaintiffs concede their federal antitrust claim—one of the two counts asserted against Dr. Zeldis in the Amended Complaint—fails to allege a justiciable case or controversy. Fourth, even though Plaintiffs' remaining count against Dr. Zeldis is based on the law of 28 states, Plaintiffs utterly ignore the state-by-state statute of limitations analysis required to determine if the claims are timely. The Amended Complaint should be dismissed in its entirety as to Dr. Zeldis.

## ARGUMENT

### I. THE COURT LACKS PERSONAL JURISDICTION OVER DR. ZELDIS AND SHOULD NOT PERMIT JURISDICTIONAL DISCOVERY.

In their Opposition, Plaintiffs do not attempt to argue that there is general jurisdiction over Dr. Zeldis, that the nationwide service of process provision of the Clayton Act applies to him, or that the Amended Complaint alleges a single act by him in New York giving rise to their claims. Instead, Plaintiffs contend that specific jurisdiction might exist because he has some "connections to New York" and because "the proximity of New York City to Princeton, N.J."—where Dr. Zeldis lived until 2016—makes it "likely" that he "performed work on Celgene's behalf while in New York." Opp. at 49. That thin a reed, which could be overextended to apply to any business executive who resides in New Jersey, is not sufficient to sustain personal jurisdiction.

As discussed in Dr. Zeldis' opening brief, to find specific jurisdiction under CPLR § 302(a)(1), the Court "must decide (1) whether the defendant transacts any business in New York *and,* if so, (2) whether this cause of action aris[es] from such a business transaction." *Best Van*

1

*Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (emphasis added; internal quotation marks omitted). Likewise, *Licci v. Lebanese Canadian Bank*, cited by Plaintiffs in their Opposition, confirms that the "standards connote, at a minimum, a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former." 20 N.Y.3d 327, 339–40 (2012). Here, Plaintiffs do not identify any specific business transactions as a basis for specific jurisdiction. *See* Opp. at 49. Rather, they cite to speculative, "conclusory non-fact-specific jurisdictional allegations," which Plaintiffs "may not rely on" to "overcome a motion to dismiss." *Doe v. Del. State Police*, 939 F. Supp. 2d 313, 321 (S.D.N.Y. 2013) (quoting *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998)). As a result, there is no articulable nexus or substantial relationship between the claims asserted and the actions that occurred in New York and New York does not have jurisdiction over Dr. Zeldis under CPLR § 302(a)(1).

Perhaps recognizing the paucity of this showing, Plaintiffs seek leave to propound jurisdictional discovery on Dr. Zeldis.[1] As an initial matter, jurisdictional discovery is not permitted unless the complaint alleges a plausible basis for personal jurisdiction. *See, e.g.*, *Daventree Ltd. v. Republic of Azerbaijan*, 349 F. Supp. 2d 736, 761 (S.D.N.Y. 2004) (citing *Jazini*, 148 F.3d at 185–86). As discussed in Dr. Zeldis' opening brief—and not disputed by Plaintiffs—the Amended Complaint contains no such allegations. Instead, it relies on the inapplicable nationwide service of process provision of the Clayton Act, expressly alleges that Dr. Zeldis is not domiciled in New York, and alleges no pertinent conduct by Dr. Zeldis in New York.

Even if Plaintiffs were permitted to amend the complaint again, they have suggested no

---

[1] Despite requesting in their brief that they be permitted prospectively to "take targeted jurisdictional discovery," Plaintiffs have already sent Dr. Zeldis' counsel copies of proposed jurisdictional discovery that would be quite broad and intrusive. But for the reasons discussed herein, no jurisdictional discovery should be permitted at this time.

ability to allege a plausible basis for personal jurisdiction. Plaintiffs assert they have "identifie[d] a genuine issue of jurisdictional fact" and have shown a "sufficient start toward establishing personal jurisdiction." Opp. at 47. But in fact, Plaintiffs offer only speculation that—despite his denials in a sworn declaration—Dr. Zeldis could have conducted some work in New York for Celgene that might relate to the claims at issue. When a plaintiff offers only "conclusory non-fact-specific jurisdictional allegations," courts do "not permit jurisdictional discovery on the basis of a generalized request more akin to a fishing expedition." *P & L Dev., LLC v. Gerber Prods. Co.*, No. 21-cv-5382, 2024 WL 456794, at *10 (E.D.N.Y. Feb. 6, 2024) (internal quotation marks omitted); *see also Reed Int'l, Inc. v. Afghanistan Int'l Bank*, 657 F. Supp. 3d 287, 299 (S.D.N.Y. 2023) ("discovery need not be granted to permit a fishing expedition for jurisdictional facts."). This is quite different from *Wilson & Wilson Holdings LLC v. DTH, LLC*, cited by Plaintiffs in their Opposition, where the Plaintiff put forth ample "evidence" that the Defendant—Chief Executive Officer of a company *based in New York*—"regularly does business in New York," including citing his New York business address. 673 F. Supp. 3d 409, 413 (S.D.N.Y. 2023).

Finally, Courts in this district hold that "[j]urisdictional discovery is not permitted where, as here, the Defendant submits an affidavit that provides all the necessary facts and answers all the questions regarding jurisdiction." *A.W.L.I. Grp., Inc. v. Amber Freight Shipping Lines*, 828 F. Supp. 2d 557, 575 (E.D.N.Y. 2011) (citing *Wafios Mach. Corp. v. Nucoil Indus. Co.*, No. 03 Civ. 9865, 2004 WL 1627168, at *5 (S.D.N.Y. July 21, 2004)). In support of his Motion to Dismiss, Dr. Zeldis submitted a Declaration disclosing his limited New York contacts and addressing, among other things, his property holdings in New York and his practices regarding conducting Celgene business, *see* Zeldis Decl. ¶¶ 6, 15. The Court may resolve the jurisdictional inquiry on the basis of the "affidavit[] without ordering jurisdictional discovery." *Vista Food Exch., Inc. v.*

3

*Champion Foodservice, LLC*, 124 F. Supp. 3d 301, 315 (S.D.N.Y. 2015).

## II. PLAINTIFFS FAIL TO STATE THE SUBSTANTIVE ELEMENTS OF A MONOPOLIZATION CLAIM AGAINST DR. ZELDIS.

The remaining count against Dr. Zeldis is for monopolization under state law, but Plaintiffs fail to allege plausible facts showing that he possesses monopoly power in a relevant market and willfully acquired or maintained such power.[2] They do not dispute that Dr. Zeldis himself did not monopolize any market and was not involved in the enforcement of or the settlement of any litigation related to the patents—a necessary element of a monopolization claim based on the use or enforcement of patents. *United States v. Grinnell Corp.*, 384 U.S. 563, 570–71 (1966); *see also Heerwagen v. Clear Channel Commc'ns*, 435 F.3d 219, 226 (2d Cir. 2006).  They continue to rely on *FTC v. Vyera Pharmaceuticals, LLC*, and argue that an individual may be held liable for monopolization if he participated in any aspect of the monopolistic scheme. They put weight on the fact that he was the "applicant" for some of the patents in question.  Opp. at 46.  But the cases require a much greater degree of participation. For instance, in *Vyera* the individual Defendant—who was the "largest shareholder and the founder and former CEO"—"designed, implemented, and negotiated" the scheme. 479 F. Supp. 3d 31, 50 (S.D.N.Y 2020). There are no plausible, non-conclusory allegations of that sort of involvement by Dr. Zeldis.

## III. PLAINTIFFS' CLAIMS AGAINST DR. ZELDIS ARE TIME-BARRED.

Plaintiffs' remaining claims against Dr. Zeldis arise under state law and are governed by the laws of the applicable states. But they nowhere acknowledge, much less discuss, the applicable state law periods and accrual rules set forth in the table attached to Dr. Zeldis' motion.[3]  Nor do

---

[2] *See* Dr. Jerome Zeldis' Motion to Dismiss the Amended Complaint at 13–14.
[3] *See* Exhibit to Dr. Jerome Zeldis' Motion to Dismiss at 17–20.  Even were any of the states at issue to follow the delayed accrual rule that Plaintiffs assert applies under federal law, *see* Opp. at 44–45, that would not benefit them here for the reasons asserted in Mr. Insogna's brief: Dr. Zeldis is not alleged to have participated in any continuing scheme.

4

Plaintiffs dispute that the only acts alleged to have been undertaken by him occurred approximately twelve years ago and that he left Celgene more than eight years ago. Plaintiffs' failure to address these arguments should be deemed a waiver and the Amended Complaint should be dismissed on the further ground that all claims are barred by the applicable statutes of limitation. *See, e.g.*, *Lipton v. Cnty. of Orange*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed."); *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 958 F. Supp. 895, 907 n. 11 (S.D.N.Y.) ("[T]he failure to provide argument on a point at issue constitutes abandonment of the issue ... which provides an independent basis for dismissal."), *aff'd*, 130 F.3d 1101 (2d Cir. 1997).

## CONCLUSION

For the foregoing reasons, the remaining claims against Dr. Zeldis should be dismissed.

Dated: May 2, 2024

Respectfully submitted,

/s/ Daniel B. Asimow

Daniel B. Asimow
**ARNOLD & PORTER KAYE SCHOLER LLP**
3 Embarcadero Center Ste. 10
San Francisco, CA 94111
Phone: (415) 471-3142
Daniel.asimow@arnoldporter.com

*Counsel for Dr. Jerome Zeldis*