**HAGENS BERMAN**

Whitney E. Street    whitneyst@hbsslaw.com

ATTORNEYS AT LAW

**HAGENS BERMAN SOBOL SHAPIRO LLP**
1 FANEUIL HALL SQUARE, 5TH FLOOR
BOSTON, MA 02109
hbsslaw.com
(510) 725-3000 phone    (510) 725-3001 fax

May 8, 2024

**MEMO ENDORSED**
at page 4

**CM/ECF**
The Honorable Edgardo Ramos
U.S. District Judge for the Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Louisiana Health Services & Indemnity Co. d/b/a BCBS of Louisiana, et al. v. Celgene Corp., et al.*, 23-cv-7871-ER (S.D.N.Y.) – Letter Motion Requesting Leave to Serve Jurisdictional Discovery on Dr. Jerome Zeldis

Dear Judge Ramos:

On March 21, 2024, defendant Dr. Jerome Zeldis filed a motion asserting that the purchasers' claims against him should be dismissed in part because the Court lacks jurisdiction over him (the "Zeldis Motion").[1] In their April 18, 2024 Opposition brief,[2] the purchasers explained there exists a genuine issue of fact as to whether this Court has jurisdiction over Dr. Zeldis and previewed that they would seek leave to serve limited jurisdictional discovery to address this dispute. We now ask the Court to allow the purchasers' request for jurisdictional discovery on Dr. Jerome Zeldis. Counsel for Dr. Zeldis, Daniel Asimow, has advised that he is in trial the week of May 13. To accommodate Mr. Asimow's schedule, the parties jointly request that Dr. Zeldis have an extension to May 22 to file his response to this pre-motion letter.

**Jurisdiction is a fact-based question to be addressed at the outset of the case.** Personal jurisdiction is fundamental to every case and rests on a thorough examination of the facts.[3] It would benefit judicial efficiency to allow the purchasers to take limited jurisdictional discovery at this juncture to inform the Court's analysis of whether it has personal jurisdiction over Dr. Zeldis, or whether the purchasers should instead proceed against Dr. Zeldis in Florida where he represents he is domiciled.[4] Dr. Zeldis is an integral part of the monopolization scheme alleged in this case. Allowing jurisdictional discovery will not fundamentally alter Dr. Zeldis' discovery obligations, as he will be subject to comprehensive discovery in this case regardless of the Court's ultimate decision on the jurisdictional question.

---

[1] ECF 115 at 5-11. It appears a duplicate version of the Zeldis Motion was filed at ECF 121.

[2] ECF 126 (redacted) and ECF 127 (sealed) at 49.

[3] *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) ("[A] court should take care to give the plaintiff ample opportunity to secure and present evidence relevant to the existence of jurisdiction.").

[4] *See* Zeldis Affidavit ¶ 6.

**HAGENS BERMAN**

The Honorable Edgardo Ramos
May 8, 2024

**There is a genuine issue of jurisdictional fact.** Dr. Zeldis seeks dismissal on all claims for lack of personal jurisdiction under the New York long arm statute § 302(a)(1) because Dr. Zeldis does not recall performing any "meaningful work in New York."[5] The purchasers assert that the New York connections described by Dr. Zeldis—including teaching at Cornell from 1995 to 2003; and, in 2008, purchasing the first of three multi-million dollar apartments in New York, one of which he continues to own—suggest Dr. Zeldis had continuous and systematic contact with New York during his employment with Celgene from 1997 to 2016.[6] Given that lengthy contact, and the proximity of New York City to Celgene's headquarters in New Jersey, it is likely that Dr. Zeldis, a senior executive and Chief Medical Officer for Celgene, transacted business on Celgene's behalf—such as fielding phone calls, attending meetings, and potentially overseeing clinical trials—while in New York.[7] The purchasers have provided sufficient information showing that there is a genuine issue of jurisdictional fact and should therefore be permitted to take targeted jurisdictional discovery of Dr. Zeldis.

**The proposed jurisdictional discovery is narrowly tailored.** On April 11, 2024, the purchasers sent proposed jurisdictional discovery requests to Dr. Zeldis. On April 22, 2024, Dr. Zeldis declined to respond to the purchasers' proposed discovery, but asked that, should the Court grant the purchasers' request for jurisdictional discovery, the purchasers narrow their requests.[8] On April 26, 2024, in an effort to reach a potential compromise, the purchasers sent revised, narrowed jurisdictional discovery requests, copies of which are attached hereto as Exhibits A (requests for production) and B (interrogatories). On May 6, 2024, the parties met and conferred, but were unable to reach an agreed-to compromise.[9] The proposed discovery consists of four requests for production and five interrogatories.

**Jurisdictional discovery is permitted where the plaintiff has made a threshold showing that there is a genuine issue of jurisdictional fact.** A court has discretion to order jurisdictional discovery where the plaintiffs have "at the very least ... made a sufficient start" to

---

[5] Zeldis' Mem. of Law in Support of Motion to Dismiss (ECF 115), at 1–2, 10; *see also* Zeldis Decl. ¶¶ 6, 15.

[6] Plaintiffs' Mem. in Opposition to Zeldis Motion to Dismiss (ECF 127), at 49.

[7] Plaintiffs' Mem. in Opposition to Zeldis Motion to Dismiss (ECF 127), at 49.

To satisfy New York's long arm jurisdiction statute § 302(a)(1), plaintiffs must make a *prima facie* case that the defendant transacted business in the state, and the plaintiffs' claims must arise from the business activity. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 57 (2d Cir. 2012), *certified question accepted sub nom. Licci v. Lebanese Canadian Bank*, 18 N.Y.3d 952, 967 N.E.2d 697 (2012), *and certified question answered sub nom. Licci v. Lebanese Canadian Bank*, 20 N.Y.3d 327, 984 N.E.2d 893 (2012).

[8] D. Asimow April 22, 2024 letter at 2 ("We also note your request in opposition to the motion to dismiss to be permitted to pursue 'targeted' jurisdictional discovery of Dr. Zeldis. ECF No. 127 at 49. In the event the Court grants Plaintiffs' request in that regard, we respectfully request that Plaintiffs reconsider these broad requests and instead propound truly targeted discovery.")

[9] On May 6, 2024, during a meet and confer, counsel for Zeldis offered to give purchasers the addresses and dates for Dr. Zeldis' properties in New York and his office locations while employed at Celgene. This information is already publicly available to the purchasers and/or was already disclosed in Dr. Zeldis' affidavit accompanying his motion to dismiss. Although the purchasers appreciate counsel's offer, it is insufficient to satisfy the jurisdictional discovery sought by the purchasers, which again has been narrowly tailored to minimize the burden to Dr. Zeldis.

**HAGENS BERMAN**

The Honorable Edgardo Ramos
May 8, 2024

showing personal jurisdiction[10] and their position is "not frivolous."[11] A district court has "considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction."[12] In contrast to matters where Your Honor has denied jurisdictional discovery, here the purchasers have articulated a colorable basis for personal jurisdiction and specify the narrowly tailored information we hope to obtain, seek information not publicly available and thus only obtainable through targeted discovery, and provide a plan for the proposed discovery (indeed attaching the proposed request for production and interrogatories).[13]

**Requested Relief.** The purchasers respectfully request a pre-motion conference. In the alternative, the purchasers request leave to serve the attached jurisdictional discovery on Dr. Zeldis. We propose that the discovery be deemed served on the date the Court enters its order; and that Dr. Zeldis produce the responsive documents and provide substantive interrogatory responses within four weeks from the date of service.[14] The purchasers also request leave to serve subpoenas on the nonparty telephone carriers to be identified in response to the purchasers' Request for Production No. 1.

Promptly after receiving the requested discovery, the purchasers may, if appropriate, seek leave to file a short supplemental response to the Zeldis Motion.

We thank the Court for its time and attention to this matter.

Sincerely,

*/s/ Whitney E. Street*

Whitney E. Street

---

[10] *Unique Indus., Inc. v. Sui & Sons Int'l Trading Corp.*, No. 05-CV-2744 (KMK), 2007 WL 3378256, at *6–7 (S.D.N.Y. Nov. 9, 2007) (allowing jurisdictional discovery where a single sale in New York state showed a "sufficient start" on jurisdiction).

[11] *Wilson & Wilson Holdings LLC v. DTH, LLC*, 673 F. Supp. 3d 409, 413 (S.D.N.Y. 2023) ("If a plaintiff has identified a genuine issue of jurisdictional fact, jurisdiction[al] discovery is appropriate even in the absence of a prima facie showing as to the existence of jurisdiction.") (quoting *Daventree Ltd. v. Republic of Azerbaijan*, 349 F. Supp. 2d 736, 761 (S.D.N.Y. 2004)); *New York v. Mountain Tobacco Co.*, 55 F. Supp. 3d 301, 313–14 (E.D.N.Y. 2014) ("It is well settled under Second Circuit law that, even where plaintiff has not made a prima facie showing of personal jurisdiction, a court may still order discovery, in its discretion, when it concludes that the plaintiff may be able to establish jurisdiction if given the opportunity to develop a full factual record.").

[12] *Wilson & Wilson Holdings LLC v. DTH, LLC*, 673 F. Supp. 3d 409, 413 (S.D.N.Y. 2023) (quoting *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003)).

[13] *See e.g. In re SSA Bonds Antitrust Litigation*, 420 F. Supp. 3d 219 (S.D.N.Y. 2019) (declining to allow jurisdictional discovery where the party seeking the discovery did not articulate a colorable basis for jurisdiction, did not provide an "actual plan for discovery," nor did they point to the information they hoped to obtain.). *But see Ikeda v. J. Sisters 57, Inc.*, No. 14-cv-3570, 2015 WL 4096255, at *8 (S.D.N.Y. 2015) (allowing jurisdictional discovery where the third-party plaintiffs' position on personal jurisdiction was at least colorable).

[14] As Zeldis has had ample notice of the contents of these requests, and the requests have been tailored as not to be unduly burdensome, the purchasers respectfully submit that four weeks is a sufficient response time.

## CERTIFICATE OF SERVICE

I, certify that, on this date, the foregoing document was filed electronically via the Court's CM/ECF system, which will send notice of the filing to all counsel of record, and parties may access the filing through the Court's system.

Dated: May 8, 2024                                          /s/ Whitney E. Street

A pre-motion conference will be held on May 31, 2024, at 11 a.m. by telephone. Zeldis is directed to respond by May 22, 2024. The parties are instructed to call (877) 411-9748 and enter access code 3029857# when prompted.  SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: May 9, 2024
New York, New York