UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY d/b/a BLUE CROSS AND BLUE SHIELD OF LOUISIANA, HMO LOUISIANA, INC., *and* DAVID MITCHELL, individually and on behalf of all others similarly situated,

      Plaintiffs,

   – against –

CELGENE CORPORATION, BRISTOL MYERS SQUIBB COMPANY, ANTHONY INSOGNA, *and* JEROME ZELDIS,

      Defendants.

**ORDER**

23-cv-7871 (ER)

Ramos, D.J.:

  Plaintiffs Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana, HMO Louisiana, Inc., and David Mitchell bring this putative class action against Celgene Corporation, Bristol Myers Squibb Company, Anthony Insogna, and Jerome Zeldis, alleging unlawful monopolization under 15 U.S.C. § 2, and state law claims for unlawful monopolization, violation of consumer protection laws, and unjust enrichment. Doc 72. The Complaint was filed on September 5, 2023, and amended on December 19, 2023. Docs 1, 72. On March 21, 2024, defendant Dr. Jerome Zeldis—former Vice President of Medical Affairs, Chief Medical Officer, and CEO of Celgene Global Health—filed a motion to dismiss in part because the Court lacked jurisdiction over him. Docs 120, 121. Plaintiffs filed their opposition on May 08, 2024, requesting the motion to dismiss be held in abeyance so that they could seek limited jurisdictional discovery of Zeldis. Doc. 126. The Court held a pre-motion conference on May 31, 2024, where Zeldis was directed to submit supplemental letter briefing by Monday, June

3, 2024, with Plaintiffs' response due by Tuesday, June 4, 2024.[1] For the reasons set forth below, Plaintiffs' request to seek limited jurisdictional discover on Zeldis is DENIED.

Whether to allow jurisdictional discovery is "a decision as to which a district court enjoys substantial discretion." *Keren Chasanim Corporation v. Village of Kiryas Joel*, No. 07 Civ. 262 (SCR), 2008 WL 11518871, at *5 (S.D.N.Y. Nov. 10, 2008); *see also Broidy Capital Management LLC v. Benomar*, 944 F.3d 436, 446 (2d Cir. 2019) ("[T]he district court has considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction.") (quoting *Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 449 (D.C. Cir. 1990)). Yet, "a court ... does not abuse its discretion in denying jurisdictional discovery 'if the party seeking discovery cannot articulate a reasonable basis for the court first to assume jurisdiction.'" *Beierwaltes v. L'Office Federale De La Culture De La Confederation Suisse*, 999 F.3d 808, 828 (2d Cir. 2021) (quoting *Arch Trading Corp. v. Republic of Ecuador*, 839 F.3d 193, 206–07 (2d Cir. 2016)).

While the bar for granting "jurisdictional discovery is "low," " *Universal Trading & Inv. Co. v. Credit Suisse (Guernsey) Ltd.*, 560 F. App'x 52, 55 (2d Cir. 2014), and it is appropriately granted where a plaintiff's allegations make a "sufficient start" toward establishing personal jurisdiction, *Uebler v. Boss Media, AB*, 363 F. Supp. 2d 499, 506 (E.D.N.Y. 2005), "if the plaintiff has failed to establish a prima facie case for personal jurisdiction, jurisdictional

---

[1] In the May 31, 2024, pre-motion conference, Zeldis informed the Court that Plaintiffs had recently emailed him regarding a new legal theory whereby personal jurisdiction over Zeldis was proper because the "correspondence address" on a November 6, 2002, provisional patent application, No. 10/438,213 (the "Provisional Patent Application") was the New York office of the law firm of Pennie & Edmonds, attorneys for Celgene. Plaintiffs reasoned that because Zeldis was the named inventor on the Provisional Patent Application, he was subject to personal jurisdiction in New York based on the attorney's address. During the conference, Zeldis referenced *Haussmann, Trustee of Konstantin S. Haussmann Trust v. Baumann*, 73 Misc. 3d 1234(A), 157 N.Y.S. 3d 355, 2021 WL 6110467 (Sup. Ct., New York Cnty., Dec. 27, 2021), which held that the New York Supreme Court lacked personal jurisdiction over German defendants as a result of their hiring lawyers located in New York. *Id.* The Court directed supplemental briefing on Plaintiffs' new theory of personal jurisdiction.

discovery is generally not granted." *RSM Production Corporation v. Fridman*, 643 F. Supp. 2d 382, 402 (S.D.N.Y. 2009).

However, if a plaintiff has identified a genuine issue of jurisdictional fact, discovery is appropriate even in the absence of a prima facie showing as to jurisdiction. *Daventree Limited v. Republic of Azerbaijan*, 349 F. Supp. 2d 736, 761 (S.D.N.Y. 2004). Nevertheless, "a court is not obligated to subject a foreign corporation to discovery where the allegations of jurisdictional facts ... fail to state a basis for the exercise of jurisdiction or where a plaintiff's proposed discovery, if granted, would not uncover facts sufficient to sustain jurisdiction," *Daventree Limited*, 349 F. Supp. 2d at 761, and "discovery need not be granted to permit a fishing expedition for jurisdictional facts," *Greer v. Carlson*, No. 20 Civ. 5484, 2020 WL 6064167, at *5 (S.D.N.Y. Oct. 14, 2020) (citing *RSM Production Corporation*, 643 F. Supp. 2d at 402).

To support their proposal for limited jurisdictional discovery, Plaintiffs point to (1) the New York connections described in Zeldis' declaration in support of his motion to dismiss that suggest he had continuous and systematic contact with New York during his employment with Celgene from 1997 to 2016, sufficient to satisfy the first step of the analysis under the New York long arm statute § 302(a)(1) ("CPLR 302"), Doc. 132, and (2) Celgene's attorneys who filed the Provisional Patent Application, naming Zeldis as the inventor, from their New York office, Doc. 138. In his declaration, Zeldis describes being a Clinical Associate Professor of Medicine at Cornell Medical School from 1995 to 2003, and owning a series of apartments in New York, the first of which was purchased in 2008.[2] Doc. 122 ¶¶ 2, 11–17. Plaintiffs argue that given the length of his tenure at Cornel Medical School, his ownership of apartments in New York City,

---

[2] In 2008, Zeldis purchased an apartment in the Chelsea neighborhood of New York City. In 2014, he sold that apartment and purchased a second apartment within the same building. In 2020, he sold the second apartment and purchased a third apartment in the SoHo neighborhood of New York City, which he currently owns. Doc. 122 ¶¶11–17.

3

and the proximity of Celgene's headquarters in New Jersey to the City of New York, it is likely that Zeldis transacted business on Celgene's behalf—such as fielding phone calls, attending meetings, and potentially overseeing clinical trials—while in New York. Doc. 132 at 2. This, they argue, is sufficient to show that there is a genuine issue of jurisdictional fact and therefore why they should be permitted targeted jurisdictional discovery of Zeldis. *Id.*

However, as Zeldis points out, these instances, individually and combined, only lead to "speculation that [] jurisdiction could exist based on speculation that he could have transacted business giving rise to their claims while in New York." Doc. 136. Plaintiff provides no support for the assertion that the proximity of Celgene's headquarters in New Jersey to New York City supports specific jurisdiction over Zeldis in New York. Additionally, although Zeldis had an apartment in New York City, it was being rented by his daughter from 2008 until 2010, leased to renters until December 2011, and went "generally unoccupied" until 2014, according to Zeldis. Doc. 122 at 11–15. The fact that Zeldis would reside there one or two weekends per month between December 2011 and 2014, provides no basis to infer that he conducted any business in New York at all, much less that he conducted work specifically related to the issues in the case. *Id.* at 14. The same could be said for his work at Cornell Medical School. Being employed in the State as a clinical professor is insufficient alone to infer that he conducted work relating to the specific patents or applications. These instances, individually or combined, do not make a sufficient start toward establishing personal jurisdiction or lead to a genuine issue of jurisdictional fact.

In their supplemental briefing, Plaintiffs again argue that they have made a prima facie showing of personal jurisdiction over Zeldis or, at a minimum, have articulated a colorable basis for personal jurisdiction. Doc. 138 at 2, 3. Plaintiffs argue that pursuant to CPLR 302, the Court

4

has personal jurisdiction "because (1) [] Zeldis conducted business within the state [] as named inventor and signatory, seeking fraudulent patents through New York law firms over the course of more than a decade[], and, (2) that business gave rise to the claims []." *Id.*  In support of their new argument, Plaintiffs reference *Fischbarg v. Doucet*, where a New York court found personal jurisdiction in a case where a California corporation and its president litigated a matter in Oregon while represented by a New York-based lawyer.  *See Fischbarg v. Doucet*, 9 N.Y.3d 375, 382 (N.Y. 2007).  The court held that "one need not be physically present [in New York] … to be subject to the jurisdiction of our courts under CPLR 302," rather "[j]urisdiction may still be proper if the defendant 'on his own initiative … projects himself' into the state in a 'sustained and substantial transaction of business.'" *Id.*  However, in *Fischbarg*, the issue being litigated was a dispute between the California defendants and their former lawyer, regarding the lawyer's retainer.  Defendants projected themselves "into [the] states legal services market" through their "solicitation of [the] plaintiff in New York and their frequent communications with him in this state[.]" *Fischbarg*, 9 N.Y.3d at 383.  This case is dissimilar.  Here, Plaintiffs are asking the Court to find jurisdiction over Zeldis because he is the named inventor and a signatory—to some of the patents[3]—which Celgene's New York-based attorneys filed in Virginia.  Doc. 138 at 2, 3; Doc. 137 at 1.

      Zeldis argues that the instant case is more like *Haussmann*, where the Commercial Division determined that it lacked personal jurisdiction over German individual defendants as a result of the defendants' employer hiring a New York law firm.  *See Haussmann, Trustee of Konstantin S. Haussmann Trust v. Baumann*, 73 Misc. 3d 1234(A), 157 N.Y.S. 3d 355, 2021 WL 6110467 (Sup. Ct., New York Cnty., Dec. 27, 2021).  The Commercial Division determined that

---

[3] Plaintiffs allege that, among other documents, Zeldis signed the Declaration for the Provisional Patent Application, which "led to the first fraudulent pomalidomide method of treatment patent, the '262.3."  Doc. 138 at 1, 2.

5

hiring lawyers located in New York "simply does not constitute purposeful availment as it relates to the cause of action . . . . It is simply too tenuous of a connection to New York." *Id.* at 6. So too here. The fact that Zeldis was listed as the inventor on patents belonging to Celgene—headquartered in New Jersey—and filed in Virginia, by a New York based law firm, without more is "simply too tenuous of a connection to New York." *See Haussmann*, 73 Misc. 3d 1234(A), 157 N.Y.S. 3d at 4; *See* Doc. 137 at 1. Accordingly, Plaintiffs request for limited jurisdictional discovery over Zeldis is DENIED.

The Clerk of Court is respectfully directed to terminate the motion, documents 132, 136, 137, and 138.

It is SO ORDERED.

Dated: July 9, 2024
       New York, New York

_____
Edgardo Ramos, U.S.D.J.